Upon Rehearing Granted
By petition for rehearing appellant has called our attention to the fact that the Special Master and the Chancellor gave credit to the appellee for excavation work which was done and performed by Rubin Construction Company and the Federal Soil Conservation Service. It is the contention of appellant that 13,655 cubic yards were not excavated by the appellee although credit was given to him for such excavation in the final decree. Upon a careful examination of the record we find that appellant's position is well taken.
Appellant brought suit to foreclose a chattel mortgage and the defendant-appellee answered and counterclaimed, setting forth certain obligations of the plaintiff-appellant to the appellee. A Master was appointed and the final decree followed the Master's findings.
The defendant's claim against the plaintiff was based upon a contract for excavating. A provision of the contract was: "And said excavation shall be measured by an engineer who is either a registered engineer with the State of Florida or possesses a state and federal civil service rating and is qualified to do survey work. In the event the Contractor shall be dissatisfied with the quantities of the material measured by the engineer in the employ of the owner, the Contractor shall be and is privileged to remeasure the excavation at his own expense." *Page 93 
Messers. Stephens and Spear were surveyors and not engineers and worked under C.K. Davis, an employee of the plaintiff. Plaintiff's Exhibit 6 was prepared by Davis upon information furnished him by Stephens and Spear, Davis was an engineer.
The report of Davis (plaintiff's Exhibit 6, Tr. p. 180) showed that 369,580 cubic yards were excavated and that of the amount Rubin had excavated 12,566 cubic yards, designated under Item #9 (of Exhibit 6) and 11,655 cubic yards, designated as Item #12 (of Exhibit 6) and that 2000 cubic yards had been excavated under Soil Conservation Service, designated under Item #16 (of Exhibit 6).
The testimony bears out the fact that these items relating to 12,566, 11,655, and 2,000 cubic yards, were excavated as indicated and there is no substantial contradiction as to any item. Against this, testimony shows that the defendant Thompson moved 9,295 cubic yards, for which Davis' statement made no allowance.
The Master and the Chancellor allowed a deduction of 12,566 cubic yards, as shown under Item #9, but failed, probably inadvertently, to deduct 11,655 cubic yards under Item #12 and 2000 under Item #16 (as per Exhibit 6).
The Master and the Chancellor accepted the fact that a total of 369,580 cubic yards were actually excavated and that the agreed compensation to Thompson was to be fifteen cents per cubic yard for excavation by him. From 369,580 cubic yards the 12,566 cubic yards were deducted as work done by Rubin. (See Item #12, Exhibit 6.)
Upon the foregoing facts it appears that the account between the plaintiff and defendant as to yardage should be settled as follows:
 Yardage.
 Dr. Cr.
 369,580 12,566
 9,295(?) 11,655
 2,000
 Net balance 352,654
 _______ _______
 378,875 378,875

In consideration of the premises, it is our conclusion that the decree appealed from should be reversed and a balance struck as hereinbefore indicated, with leave to make inquiry as to the propriety of allowing Thompson credit for removing the 9,295 cubic yards, and the proceedings shall be concluded by the entry of an appropriate final decree. In all other respects we adhere to our original opinion.
The final decree from which appeal was taken is accordingly reversed and the costs of the appeal shall be assessed equally between the parties.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur. *Page 94